IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff,

v. Criminal Action No. 5:16CR28
(STAMP)

VANCE LAWRENCE BURNS,

Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING**
**MOTION TO COMPEL PRODUCTION OF DNA SAMPLE**
**AND OVERRULING THE DEFENDANT'S OBJECTIONS**

I. Background

The defendant in the above-styled criminal action was indicted for bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a). The government alleges that, in the course of the bank robbery, the defendant crashed his getaway car and thereby caused the airbag to deploy. During the investigation, law enforcement officers took swabs of the deployed airbag, which they then sent to a forensics laboratory. The forensics laboratory found that the deoxyribonucleic acid ("DNA") samples obtained from the airbag were of such low quality that they could be used only for exclusionary purposes.

The government filed a motion to compel production of the defendant's DNA sample. ECF No. 8. In support of the motion, the government noted the potential exclusionary value of a comparison of the defendant's DNA sample to the DNA samples obtained from the deployed airbag in the bank robber's abandoned getaway car. The

defendant, by counsel, filed a response in opposition, arguing that the Court cannot order that the defendant provide a DNA sample that can be used in the government's case-in-chief at trial, rather than for the purposes of an arrest. ECF No. 17.

Magistrate Judge James E. Seibert held an evidentiary hearing on the motion to compel and then entered an order granting the government's motion to compel production of the defendant's DNA sample. ECF No. 20. In his order, the magistrate judge construed the motion as an application for a search warrant and found that the government had established probable cause to perform a buccal swab for DNA.

The defendant, by counsel, filed objections to the magistrate judge's order granting the motion to compel production of the DNA sample. ECF No. 22. This Court then directed the government to file a response to the defendant's objections. ECF No. 24. The government filed a response. ECF No. 25. After careful review of the pleadings and the record, this Court finds that the magistrate judge's order granting the government's motion to compel production of the defendant's DNA sample is AFFIRMED and the defendant's objections to the magistrate judge's order are OVERRULED.

## II. Applicable Law

The Federal Magistrates Act, 28 U.S.C. § 631, et seq., specifically provides for the district judge's review of an order issued by a magistrate judge. See In re Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d 584, 586 (D. Md. 2004). Pursuant

to 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the Court . . . ." Also, "[a] judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In light of the objections filed by the defendant, this Court must conduct a de novo review of the magistrate judge's ruling. See Stiger v. U.S., 100 F. App'x 370, 372 (6th Cir. 2004).

## III. Discussion

In his objections, the defendant argues that the magistrate judge improperly construed the government's motion as an application for a search warrant. The defendant contends that such liberal construction of pleadings is typically limited to pleadings filed pro se, not pleadings filed by the government. The defendant asserts that there is no basis for the magistrate judge's sua sponte decision to construe the motion as an application for a search warrant. The defendant also distinguishes the investigation in the present case from the one in Bill v. Brewer, 799 F.3d 1295 (9th Cir. 2015), which was cited by the magistrate judge. The defendant argues that, in Bill, a state statute permitted the government to seek a court order to gather such DNA evidence, but that no such federal statue exists.

In response to the objections, the government maintains that it is of no consequence that the Court chose to call the requested order a "warrant" because the Court would have the authority to

simply order the defendant to produce this non-testimonial evidence. 28 C.F.R. § 28.12; 42 U.S.C. § 14135a. Nonetheless, the government argues that the defendant cites no authority for the proposition that the Court would not be allowed to call the requested order a warrant. The government points out that the court orders to obtain buccal swabs in Bill were regarded as warrants. 799 F.3d at 1302.

On de novo review, this Court finds that it was not improper for the magistrate judge to consider the requested order a warrant. Furthermore, this Court finds that the magistrate judge correctly analyzed the issues under the Fourth Amendment Warrants Clause, which requires as follows:

> First, warrants must be issued by neutral, disinterested magistrates. Second, those seeking the warrant must demonstrate to the magistrate their probable cause to believe that the evidence sought will aid in a particular apprehension or conviction for a particular offense. Finally, warrants must particularly describe the things to be seized, as well as the place to be searched.

Dalia v. United States, 441 U.S. 238, 255 (1979).

First, the Court agrees with the government that there is no dispute that this warrant would be issued by a detached magistrate. Second, there is no dispute about the existence of probable cause, which has already been found by the grand jury and is also adequately set forth in the government's motion. Third, the motion is clear that the thing to be searched or seized is the defendant's DNA sample. Lastly, there is no claim that the search is otherwise

unreasonable. Accordingly, as the magistrate found in his order, the search warrant requirements are satisfied.

## IV. Conclusion

Upon de novo review, the magistrate judge's order granting the motion to compel production of the DNA sample (ECF No. 20) is AFFIRMED and the defendant's objections to the order (ECF No. 22) are OVERRULED.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the defendant, to counsel of record herein, to the United States Probation Office, and to the United States Marshals Service.

DATED: July 21, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE